# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

O.G. MATTOX,

              **Plaintiff,**

    **v.**                                            **Case No. 09-C-0415**

ANTHONY PONS,
and PONS ENGINEERING
& CONSTRUCTION CO.,

              **Defendants.**

## DECISION AND ORDER

On August 21, 2009, this Court dismissed this action filed by pro se Plaintiff O.G. Mattox ("Mattox") against the Defendants Anthony Pons ("Pons") and Pons Engineering & Construction Co. (the "Company"), (collectively the "Defendants"). By a motion filed on December 28, 2009, Mattox asks the Court to consider keeping his case open. Mattox also requests the appointment of counsel.

Liberally construed, Mattox's motion seeks relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Rule 60(b)(1) states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect.

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (quotation omitted).

In his motion, Mattox states that he is very ill, and he had to get his proof and evidence which took time. There are eight attachments appended to Mattox's motion. The first attachment is a business card for a property management firm with a note on the reverse side that the firm can verify Mattox's rent. The third attachment is an appointment notice for a probation/parole agent Christetta Guthrie, the reverse side of which lists figures totaling $1,630.65 that apparently reflect Mattox's financial obligations as the result of a criminal court proceeding. The fourth attachment is an August 6, 2009, statement from the Social Security Administration indicating that his monthly social security benefit is $1481.00 after the deduction of medical insurance premiums. The other five attachments are medical documents.

The Supreme Court has defined "excusable neglect" as:

> at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted within good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The *Pioneer* definition of "excusable neglect" applies to all federal rules that use the term. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997).

The Supreme Court also stated that "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to especially through carelessness.' *Webster's Ninth New Collegiate Dictionary* 791 (1983)." *Pioneer,* 507 U.S. at 388. "The word therefore encompasses both

simple, faultless omissions to act and, more commonly, omissions caused by carelessness."

*Id.*

The dismissal of Mattox's action followed a July 15, 2009, Decision and Order warning Mattox that the action would be dismissed if he did not meet an August 17, 2009, deadline for filing a written statement, signed under penalty of perjury that included information specified in a June 9, 2009, Decision and Order, or paying the filing fee. In its June 9, 2009, Decision and Order, addressing Mattox's request to proceed *in forma pauperis* on his Complaint against the Defendants, the Court listed questions regarding the financial information that Mattox had provided.[1] The Court directed that Mattox file a written statement, signed under penalty of perjury, responding to those questions no later than July 9, 2009, or pay the $350.00 filing fee.

After Mattox did not comply with or respond in any manner to the Court's June 9, 2009, Decision and Order, the Court issued its July 15, 2009, Decision and Order. Mattox did not respond to the July 15, 2009, Decision and Order.

Mattox's Complaint relates to allegations of employment discrimination that occurred in 2002. The litigation of his claims has been delayed by Mattox's failure to comply

---

[1]The June 9, 2009, Decision and Order states:

> The information provided by Mattox raises the following questions that he must address before this Court can determine whether Mattox is unable to pay the costs of commencing this action. 28 U.S.C. §§ 1915(a) and (e)(2)(A). Has Mattox correctly reported that his current monthly income is $1,500.00, given that he also reports that he is not currently employed? Are the amounts of $100.00 for Social Security and the $20,000.00 of back pay income, expenses, or liabilities? What is the difference between expenses that Mattox claims as "physician services" expenses and those that he claims as "medical care provision" expenses? Mattox should identify what types of expenses he includes in each category.

(Court's June 9, 2009, Decision and Order, 3-4.)

with the Court's orders following his April 2009, request to proceed *in forma pauperis*. That delay may adversely impact any Court proceedings since memories are likely to fade with the passage of time. Moreover, while Mattox's medical problems may have impeded him, they do not excuse his failure to comply with, or request relief from, the Court's deadlines. Additionally, while Mattox now proffers a document indicating that he receives monthly social security benefits of nearly $1,500, he has not provided the other information as directed by the Court's decision and orders. Thus, the Court concludes that Mattox has not established excusable neglect as required to establish a basis for extraordinary relief from judgment under Rule 60(b). Therefore, Mattox's motion for relief from judgment and the appointment of counsel is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Mattox's Rule 60(b)(1) motion for relief from judgment and appointment of counsel is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**